FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2015 JAN -8 PM 2:12

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR414-307 |
| ) | |
| LAWTON TYRONE MOSBY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 31), to which objections have been filed (Doc. 38). After a careful de novo review of the record, the Court finds Defendant's objections to be without merit. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Defendant's Motion to Suppress (Doc. 14) is **DENIED**.

In his objections, Defendant argues that the Magistrate Judge incorrectly characterized the apartment complex where officers encountered Defendant as a high crime area. (Doc. 38 at 3-4.) In addition, Defendant contends that the record does not support the Magistrate Judge's conclusion that Defendant gave officers evasive and apparently false answers to their questioning. (Id. at 5-9.) In this regard, Defendant attempts to discredit the entirety of the officers' testimony by pointing to a few minor inconsistencies, such as the precise location of the officers and the exact phrasing of their

questions. (Id.) The Court has reviewed the record in this case, including the evidentiary hearing, and agrees with the Magistrate Judge's conclusions.

First, the Westlake Apartments encountered continuous problems with non-residents loitering on the property and individuals selling illegal drugs. (Doc. 36 7:20-8:9.) While the combined efforts of local law enforcement and management may have somewhat ameliorated the problems, the activity had not abated to such a point and for such a length of time that it could reasonably be classified as something other than a high crime area. (Id. 8:3-9:13.) Second, the testimony of both officers reveals that Defendant falsely stated he was a resident of Westlake Apartments and was evasive when further pressed for his home address. (Id. 20:2-21:1, 43:11-46:19.) The inconsistencies identified by Defendant are inconsequential and fail to cast doubt on the creditability of the officers' more pertinent testimony. Lastly, the Court agrees with the Magistrate Judge that Defendant's presence in a high-crime area, coupled with his apparently false answer, evasiveness, and attempted flight, justified his detention for further investigation.

SO ORDERED this 8th day of January 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA