# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

LATWON TYRONE MOSBY, )
)
    Movant, )
)
v. ) CV416-307
) CR414-307
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **ORDER**

Guilty-plea convicted as a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Latwon Mosby seeks 28 U.S.C. § 2255 relief. Doc. 68 & 69 (arguing ineffective assistance of counsel and raising a claim that his sentence was improperly enhanced per *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).[1] The undersigned recommended his motion be dismissed on the merits, and that a Certificate of Appealability be denied. Doc. 72. In lieu of filing Fed. R Civ. P. 72(b)(2) Objections to the Report and Recommendation (R&R), Mosby "concur[red] with the Magistrate" that the motion was meritless, "withdr[ew]" his motion, and informed the Court that he

---

[1] The Court is citing to the criminal docket in CR414-307 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

would like to amend it to give him his "last bite of the habeas writ right." Doc. 76.

A § 2255 motion must be filed within a year of "the date on which the judgment of the conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, the Eleventh Circuit confirmed Mosby's sentence on November 3, 2015 (*see United States v. Mosby*, 630 F. App'x 961, 962-63 (11th Cir. 2015), so his conviction became "final" 90 days later on February 1, 2016. His § 2255 motion therefore had to be filed by no later than February 1, 2017. His filed his original motion on November 14, 2016. Doc. 68. His motion to amend, adding entirely new claims, was not signature-filed until May 10, 2017. Doc. 77.

An otherwise untimely amendment may 'relate back' to a timely-filed claim pursuant to Fed. R. Civ. P. 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664 (2005); *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *see also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (although the Rules Governing Section 2255 does not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15).

A movant who "has had ample opportunity to present his case to

the Court . . . cannot simply raise new claims as they occur to him." *United States v. Burbage*, 280 F. App'x 777, 782 (10th Cir. 2008); *cf. McCleskey v. Zant*, 499 U.S. 467, 485 (1991) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless, piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay.") (cite omitted). This is particularly true where a party has been put on notice that his claims are meritless and then attempts to introduce new theories of obtaining relief. *See Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236-37 (11th Cir. 2005).

In his motion to amend, Mosby newly contends that (1) the Government breached the plea agreement; (2) the Sentencing Guidelines are illegal; and (3) his counsel was deficient for allowing his constitutional rights to be violated. Doc. 77. These, of course, do not arise from the same underlying facts as the original, timely filed § 2255 motion -- his original claims turn on the application of *Johnson*, 135 S.Ct. 2551, to his Sentencing Guidelines-based conviction, plus counsel's ineffectiveness in preparing and arguing a motion to suppress. *Compare* docs. 68 & 69 (motion filed November 2016) *with* doc. 77

(motion filed May 2017). Mosby is merely attempting to raise new theories of relief after receiving notice (and conceding) that his current claims are meritless. *See Andrx Pharms., Inc.*, 421 F.3d at 1236-37. Thus, they cannot latch onto the original motion's timeliness to sneak by the § 2255(f) one-year time bar. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.").

Nor can Mosby find relief under any other exception to the one-year time bar to present his untimely § 2555 claims. *See* 28 U.S.C. § 2255(f)(2)-(4) (providing exceptions for cases where the government impeded his ability to file his amendment, new facts supporting the claims have discovered, or the amendment is based upon a newly recognized right made retroactively applicable by the Supreme Court). Movant's motion to amend his § 2255 motion (doc. 77) is therefore **DENIED**.[2]

---

[2] Even if timely, the claims are nonetheless meritless. His allegation that the Government breached the plea agreement by considering all of his past conduct in determining his Guideline range is belied by the agreement itself, which provided that the probation officer would rely on "all of [Mosby]'s relevant conduct, pursuant to U.S.S.G. § 1B1.2, not just the facts underlying the particular Count to which [he]

4

**SO ORDERED,** this  14th  day of June, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[was] pleading guilty." Doc. 46 at 2-3. Nor are the Guidelines themselves somehow rendered "illegal" because the Court permissibly examined defendant's relevant prior conduct, including his "unindicted" and "uncharged criminal conduct," in calculating his sentence. Doc. 77; *see United States v. Nyhuis*, 8 F.3d 731, 744 (11th Cir.1993) (when deciding whether to apply a sentencing enhancement, the district court may consider evidence of unindicted conduct, conduct for which the defendant has been acquitted, and conduct that goes beyond an averment of the indictment).

Finally, counsel was not ineffective for "allowing" Mosby's sentence to be increased above the "statutory maximum" -- he was sentenced to 95 months' imprisonment, well below the 120-month maximum. Doc. 47. Nor did counsel fail to protect his constitutional rights -- his Guideline range was permissibly calculated. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (counsel is not deficient for failing to make a meritless argument).